```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


ROBERT PEOPLES                                   CIVIL ACTION

v.                                               NO. 05-6891

POGO GULF COAST, LTD. ET AL.                     SECTION "F"
```

ORDER AND REASONS

Before the Court is Fab-Com, Inc.'s motion for summary judgment. For the reasons that follow, the motion is DENIED.


Background

The plaintiff, Robert Peoples claims he sustained neck, back, and arm injuries while being transferred in a personnel basket from an offshore drilling platform to an adjacent sea vessel. At the time of his alleged injury, Mr. Peoples was employed by Fab-Com, Inc. as a welder, and he was working on a platform in the Gulf of Mexico owned by Pogo Producing Company, LLC.

Mr. Peoples sued Pogo for damages resulting from this incident on November 23, 2005. On October 25, 2006, Pogo filed a third-party complaint against Fab-Com for contractual indemnification, based on indemnity provisions in a master service agreement and a master time charter agreement entered between Pogo and Fab-Com on February 7, 2003.

Fab-Com now moves for summary judgment, arguing that Pogo's third-party claim for indemnity must be dismissed because the

contractual indemnity provisions are unenforceable under the Louisiana Oilfield Anti-Indemnity Act, La. Rev. Stat. Ann. § 9:2780 (LOIA).[1] Pogo concedes that its contracts with Fab-Com are governed by the LOIA, but argues that it is premature for the Court to determine the indemnity provisions are unenforceable, and, therefore, summary judgment should be denied.

I.

The Louisiana Supreme Court has held that the LOIA "nullifies any provision in any agreement that requires defense and/or indemnification *where there is any negligence or fault on the part of the indemnitee*." Meloy v. Conoco, Inc., 504 So.2d 833, 838 (La. 1987) (emphasis added). The Anti-Indemnity Act is triggered only once there has been a judicial finding that the indemnitee was at fault. See id. at 839 ("The Act does not apply where the indemnitee is not negligent or at fault. . . . Whether an oil company (indemnitee) is free from fault and thus outside the scope of the Act can only be determined after a trial on the merits."). Therefore, Pogo is permitted to maintain its third-party indemnity claim against Fab-Com unless Fab-Com establishes that Mr. Peoples's

---

[1] The Anti-Indemnity Act provides that: "[a]ny provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals . . . is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee. . . ." La. Rev. Stat. Ann. § 9:2780(B).

injuries were caused in part by negligence or fault on the part of Pogo. See Am. Home Assurance Co. v. Chevron USA, Inc., 400 F.3d 265, 268-70 (5th Cir. 2005). In its motion for summary judgment, Fab-Com introduced evidence that its service contract with Pogo is governed by the LOIA--a point that Pogo concedes.[2] However, Fab-Com has not provided evidence related to Pogo's negligence or fault, and, therefore, the Court cannot decide at this point whether the Act's application invalidates Pogo's claims. See Alleman v. Omni Energy Services Corp., 434 F.Supp. 2d 405, 414-415 (E.D. La. 2006) (summary judgment on the enforceability of an indemnification provision is premature when third-party plaintiff is seeking both defense costs and indemnification, and there has been no judicial determination of fault). The Court does not agree with Fab-Com's contention that Alleman was wrongly decided.

Accordingly, Fab-Com, Inc.'s motion for summary judgment is DENIED.

New Orleans, Louisiana, December 18, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The LOIA applies to service agreements that pertain to a well and involve operations related to the exploration, development, production, or transportation of oil, gas, or water. See In re Complaint of John E. Graham & Sons, 210 F.3d 333, 341 (5th. Cir. 2000).